UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARINA COSTOPOULOS** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **UBER TECHNOLOGIES INC.** | * | **MAGISTRATE:** |
| **AND JAMES RIVER INSURANCE** | * | |
| **COMPANY** | * | |
| | * | |

***************************************************************************

### NOTICE OF REMOVAL OF CIVIL ACTION
### UNDER 28 U.S.C. § 1441 (b) DIVERSITY JURISDICTION

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendant, Rasier, LLC ("Rasier"), with full reservations of any and all exceptions, rights, defenses, and objections, hereby gives notice of the removal to this Court of the State Court Action described and, in support, states as follows:

### BACKGROUND

1.

Rasier, Uber Technologies Inc., James River Insurance Co., and Karryl Hyacinthe were named as defendants in a civil action commenced on January 23, 2018, in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Marina Costopoulos v. Uber Technologies Inc. and James River Insurance Company.* Case No. 2018-00677, Division M-13.

2.

Rasier was added as a defendant by way of a First Supplemental and Amending Petition for Damages filed on February 20, 2018 and served upon Rasier on March 5, 2018.

3.

Attached hereto as Exhibit "A" in globo is a copy of plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages. Defendant will file a copy of all process, pleadings, notices and orders filed in the state court proceeding after removal in accordance with Local Rule 3.2.

4.

Plaintiff, Marina Costopoulos, claims in her Petition for Damages that on or about April 8, 2017, she was traveling on Dauphine Street at or near its intersection Ursulines Street, in New Orleans, Louisiana when she was forced to lay down her scooter to avoid a collision with a vehicle that had entered the intersection of Dauphine and Ursulines.[1] Plaintiff further alleges that the vehicle's view of the intersection was obstructed by an illegally parked vehicle.[2] Plaintiff further alleges the illegally parked vehicle was operated by Rasier's independent contractor.[3]

5.

Plaintiff alleges that James River Insurance Company had in full force and effect at the time of the alleged accident a policy of insurance providing coverage for the damages sustained by Plaintiff.[4]

## DIVERSITY OF CITIZENSHIP

6.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

---

[1]   See Exhibit "A," Plaintiff's Petition, ¶ 12.
[2]   *Id.* ¶ 9.
[3]   *Id.* ¶ 5.
[4]   *Id.* ¶ 16.

2

7.

Upon information and belief, plaintiff, Marina Costopoulos, is a resident, domiciliary, and citizen of Orleans Parish, State of Louisiana, both at the time of filing of this suit and at the time of removal.

8.

James River is and was incorporated in Ohio and maintains its principal place of business in Richmond, Virginia, both at the time of the filing of this suit and at the time of removal. Accordingly, James River is a citizen of Ohio and Virginia.

9.

Rasier, LLC is a limited liability company organized under the laws of the State of Delaware. Its sole member, Uber Technologies, Inc., is and was incorporated in Delaware and maintains its principle place of business in California, both at the time of the filing of this suit and at the time of removal.

10.

Karryl Hyacinthe is, upon information and belief, a resident of the State of Massachusetts at the time of removal.

**AMOUNT IN CONTROVERSY**

11.

Although Rasier denies liability to plaintiff, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. In the Petition for Damages, plaintiff alleges she "sustained severe and debilitating injuries of the mind and body for which she has been forced to seek immediate, emergency medical treatment."[5] Further, plaintiff is seeking the following damages: past, present, and future medical expenses; past, present and

---

[5]   *Id.* ¶ 19.

future physical pain and suffering and loss of function; past, present and future mental anguish and emotional distress; lost wages and diminished earning capacity; loss of enjoyment of life; special care and services; and other such damages as will be shown throughout discovery and/or at trial of this matter.

12.

Rasier is also in possession of a number of medical records associated with plaintiff's treatment following the subject accident. These records indicate that plaintiff underwent arthroscopic knee surgery to repair a lateral meniscus tear in September 2017. Those records indicate she also received treatment for the repair of several broken teeth. A copy of the relevant medical records are attached hereto in globo as Exhibit "B."

13.

A defendant shows, by a preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. §1332 is met in either of two ways: 1) when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75,000.00 or 2) when a defendant can show supporting, summary judgment type evidence that the plaintiff's claims are likely to exceed $75,000.00.[6] Here, it is "facially apparent" that plaintiff's claims exceed $75,000.00, as plaintiff has undergone arthroscopic knee surgery and significant dental work and seeks damages for medical expenses, physical pain and suffering and loss of function, mental anguish and emotional distress, lost wages and diminished earning capacity, loss of enjoyment of life, and special care and services.[7]

---

[6] *See Allen R. &: II Oil & Gas Co.,* 63 F.3d 1335 (5th Cir. 1995): *Riley v. Wal-Mart Louisiana, LLC,* 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15): *Davis v. State Farm Fire & Cas. Co.,* 06-560, 2006 WL 1581272 (E.D. La. 6/7/06): *Dautriel, et al. v. Colgan Air Inc., et al.,* 07-CV-1735, 2008 WL 652149 (W.D. La 1/15/08)
[7] See Exhibit "A," ¶ 19.

14.

Further, Plaintiff's Petition for Damages does not state that there was a lack of jurisdiction in the United States District Court, as it is required to do under Louisiana Code of Civil Procedure article 893, if federal court jurisdiction is lacking.

15.

Based on the above, Rasier submits that it is readily apparent from the face of the Petition for Damages and plaintiff's medical records that plaintiff's alleged damages, if proven as a matter of law and fact, would exceed the sum of $75,000.00, and plaintiff cannot show that she is legally certain not to be able to recover that amount.

## **REMOVAL IS PROPER**

16.

Rasier was served with the First Supplemental and Amending Petition on March 5, 2018. Attached hereto as Exhibit "C" is a copy of all process, pleadings, and orders served upon Rasier as required by 28 U.S.C. § 1446 (a).

17.

James River Insurance Company was served with the Petition for Damages on February 5, 2018. Pursuant to 28 U.S.C. § 1446 (b)(2), James River, through its counsel, has provided consent to the removal as shown in Exhibit "D" attached hereto. As an earlier served defendant, James River may consent to Removal by a later served defendant, even though it did not previously initiate removal.[8]

18.

Uber Technologies, Inc. was served with the Petition for Damages on February 5, 2018. Pursuant to 28 U.S.C. § 1446 (b)(2), Uber Technologies, Inc., through its counsel, has provided

---

[8] 28 U.S.C. § 1446 (b)-(c).

consent to the removal as shown in Exhibit "E" attached hereto. As an earlier served defendant, Uber Technologies, Inc. may consent to Removal by a later served defendant, even though it did not previously initiate removal.[9]

19.

Karyll Hyacinthe has not yet been served with the Petition for Damages.

20.

Accordingly, this notice is timely filed within 30 days after service or notice on Rasier of the pleading setting forth the claims for relief and filed within one year of the Petition for Damages and compliance with 28 U.S.C. § 1446 (b).

21.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441 (a).

22.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) in that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is derived from the characterization of damages and claims of the plaintiff cited above in the Petition for Damages, and the suit is between citizens of different states; thus, this suit is removable pursuant to 28 U.S.C. § 1441, *et seq.*

23.

Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

---

[9] 28 U.S.C. § 1446 (b)-(c).

24.

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, a copy of this Notice will be filed with the Clerk of aforesaid State Court to effect the removal of this civil action to the United States District Court, Eastern District of Louisiana, as provided by law.

WHEREFORE, the above premises considered, Rasier, LLC, prays that Civil Action No. 2018-00677, pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Court for trial and determination; that all further proceedings in the State Court be stayed; and that this Defendant has additional and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Travis B. Wilkinson*
Paula M. Wellons, La. Bar No. 19028
Travis B. Wilkinson, La. Bar No. 28806
Taylor, Wellons, Politz & Duhe, APLC
1515 Poydras Street, Suite 1900
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899

**COUNSEL FOR RASIER, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of April, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CMIECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic system and by depositing same in the United States Mail, postage prepaid, and/or facsimile and/or e-mail transmission of this date.

*/s/ Travis B. Wilkinson*
TAYLOR, WELLONS, POLITZ & DUHE, APLC