UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARINA COSTOPOULOS | CIVIL ACTION |
| VERSUS | NO: 18-3590 |
| UBER TECHNOLOGIES, INC. ET AL. | SECTION: "H" |

### ORDER AND REASONS

Before the Court are Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint (Doc. 8) and Motion to Remand (Doc. 9). Also before the Court is Defendant Karyll Hyacinthe's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) (Doc. 16). For the following reasons, all motions are **DENIED**.

### BACKGROUND

Plaintiff Marina Costopoulos filed this negligence action in the Civil District Court for the Parish of Orleans seeking damages related to a near-vehicle collision that occurred in New Orleans in the spring of 2017.[1]

---

[1] *See* Doc. 1-2.

Costopoulos alleges in her state court petition, filed on January 23, 2018, that she narrowly avoided colliding with a Honda Accord by laying down her scooter on the roadway and that she suffered injuries while doing so.[2] She alleges that the driver of the Honda failed to see her because Defendant Karyll Sebastian Hyacinthe parked his car illegally in a way that obstructed the Honda driver's view of Plaintiff.[3] Specifically, Plaintiff alleges that Hyacinthe, while waiting to pick up a passenger for Defendant Uber Technologies, Inc. ("Uber"), parked his vehicle in an area of the road marked with painted yellow lines that prohibited parking.[4]

Plaintiff seeks personal injury damages from Defendants Hyacinthe, Uber, and James River Insurance Company ("James River"), Uber's insurer. Plaintiff amended her state court petition on February 20, 2018, to add Defendant Raiser, LLC ("Raiser"), alleging that Raiser is an independent contractor of Uber for whom Defendant Hyacinthe was working at the time Plaintiff was injured on April 8, 2017.[5]

Defendant Raiser removed the suit to this Court on April 4, 2018, on diversity grounds.[6] Raiser alleged that Plaintiff is a Louisiana citizen while Defendant James River is a citizen of Ohio and Virginia and Defendants Raiser and Uber are citizens of Delaware and California.[7] In its Notice of Removal, Raiser alleged that Defendant Hyacinthe was a citizen of Massachusetts.[8] Plaintiff, however, argued in its Motion to Remand that Hyacinthe was a

---

[2] *See* Doc. 1-2.
[3] *See* Doc. 1-2.
[4] *See* Doc. 1-2.
[5] *See* Doc. 1-2 at 8.
[6] Doc. 1.
[7] Doc. 1.
[8] Doc. 1 at 3.

2

citizen of Louisiana.[9] Defendant James River responded that, in fact, Hyacinthe was neither a citizen of Massachusetts nor Louisiana, but of Haiti.[10]

Meanwhile, a day before filing her Motion to Remand, Plaintiff sought leave from this Court to amend her Complaint and add Christina Beauboeuf as a Defendant.[11] Plaintiff alleged that several weeks passed after removal before she learned Beauboeuf was the owner of the vehicle driven by Hyacinthe at the time of the near-collision.[12] Defendant James River opposes Plaintiff's Motion for Leave to Amend.[13] Defendant also opposes Plaintiff's Motion to Remand.[14] Finally, on May 29, 2018, Defendant Hyacinthe filed a Rule 12(b)(5) Motion to Dismiss alleging that Plaintiff had failed to serve Hyacinthe with process.[15] Plaintiff opposes.[16]

The Court will first address Plaintiff's Motion for Leave to Amend her Complaint before turning to Plaintiff's Motion to Remand and finally Defendant's Motion to Dismiss.

## LAW AND ANALYSIS

### I. Plaintiff's Motion for Leave to Amend Complaint

Amendment of pleadings is generally assessed under the liberal standard of Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires."[17] The analysis is different, however, when a plaintiff seeks leave to add a non-diverse defendant after an action has

---

[9] *See* Doc. 9 at 1.
[10] *See* Doc. 19 at 4.
[11] Doc. 8 at 2.
[12] Doc. 8 at 2.
[13] *See* Doc. 18.
[14] *See* Docs. 18, 19.
[15] Doc. 16.
[16] Doc. 21.
[17] FED. R. CIV. P. 15(a).

3

been removed on diversity grounds.[18] Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."[19] The Fifth Circuit in *Hensgens v. Deere & Co.* provided district courts with four factors to analyze when scrutinizing such amendments.[20] The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for an amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.[21]

Nevertheless, the court need not apply the *Hensgens* factors when a plaintiff has failed to state a colorable claim against the defendant that the plaintiff seeks to add to the suit.[22] Put differently, "[i]t is within the district court's discretion to deny a motion to amend if it is futile."[23] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[24] Therefore, courts review the proposed amended complaint under "the same standard of legal sufficiency as applies under Rule 12(b)(6)."[25] And to survive a Rule 12(b)(6)

---

[18] *See* Hensgens v. Deere & Co., 833 F.2d 1179, 1180–82 (5th Cir. 1987).
[19] *Id.* at 1182.
[20] *See id.*
[21] *See* Hawthorne Land Co. v. Occidental Chem. Corp., 431 F.3d 221, 227 (5th Cir. 2005) (applying the *Hensgens* factors); *Hensgens*, 833 F.2d at 1882.
[22] *See* Cobb v. Delta Exports, Inc., 186 F.3d 675, 678 (5th Cir. 1999) (noting in dicta that a defendant seeking to defeat a plaintiff's attempt to add a non-diverse party to the suit could do so by showing that the plaintiff's allegation against the defendant was not "colorable").
[23] Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000).
[24] Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014).
[25] *Id.* (quoting *Stripling*, 234 F.3d at 873).

motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[26] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]

Here, Plaintiff has failed to state a claim that is "plausible on its face" against Christina Beauboeuf. In her proposed amended complaint, Plaintiff alleges:

> As the owner of the Uber vehicle that caused a motor vehicle accident on April 8, 2017 resulting in severe and debilitating damages to Plaintiff, Christina Beauboeuf is a joint tortfeasor and liable to Plaintiff *in solido* with Karyll Hyacinthe, who was driving the vehicle on the relevant date and time.[28]

Plaintiff makes no other claims against Beauboeuf. Defendant James River argues that the mere fact that Beauboeuf owned the vehicle Hyacinthe was driving at the time Plaintiff was injured is insufficient under Louisiana law to hold Beauboeuf liable for Plaintiff's injuries.[29] Plaintiff responds by citing to a case from Louisiana's Second Circuit Court of Appeal, decided in 1934, for the proposition that a plaintiff has a "legal right" to join the owner of a vehicle when a non-owner negligently causes the plaintiff's injuries while using the owner's vehicle.[30]

But that case, *Lowery v. Zorn*, does not stand for that proposition, and in any event, it is distinguishable.[31] In *Lowery*, a plaintiff passenger suffered injuries when the driver of the vehicle he was riding in ran a red light and

---

[26] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[27] *Id.*
[28] Doc. 8-2 at 1.
[29] *See* Doc. 18.
[30] *See* Doc. 25 at 5–7; Lowery v. Zorn, 157 So. 826 (La. App. 2 Cir. 1934).
[31] *Id.*

5

struck another vehicle.[32] The plaintiff sued in state court the driver of the vehicle he was riding in, and that defendant then sought to remove the case on diversity grounds.[33] The plaintiff then sought, for the purposes of defeating diversity jurisdiction, to add the *driver* of the *other* vehicle to the suit, claiming that *that driver* was negligent in failing to apply his brakes after he should have seen that the vehicle in which the plaintiff was riding was not going to stop.[34] Thus, in *Lowery*, the plaintiff sought to add the actual driver of an allegedly at-fault vehicle in the collision that caused the plaintiff's injuries. In contrast, here, Plaintiff seeks to add the *owner* of the vehicle driven by Hyacinthe, whose conduct allegedly caused Plaintiff's injuries, based solely on the fact that Beauboeuf owned the vehicle. Plaintiff makes no claim that Beauboeuf herself was negligent in any way.

Under Louisiana law, mere ownership of a vehicle is insufficient to establish liability for damages caused by another using the vehicle.[35] As stated by Louisiana's Fifth Circuit Court of Appeal in *Abbasi v. State Farm Ins. Co.*:

> In Louisiana, owners of motor vehicles are ordinarily not personally liable for damages which occur while another is operating the vehicle. Exceptions to this rule occur only when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, and when the owner is himself negligent in entrusting the vehicle to an incompetent driver.[36]

---

[32] *Id.* at 828.
[33] *Id.*
[34] *Id.*
[35] Abbasi v. State Farm Ins. Co., 875 So. 2d 988, 992 (La. App. 5 Cir. 2004).
[36] *Id. See also* Sterling v. Allstate Ins. Co., 35 So. 3d 355, 358 (La. App. 1 Cir. 2010) ("In Louisiana, owners of motor vehicles are ordinarily not personally liable for damages that occur while another is operating the vehicle."); Brooks v. Minnieweather, 16 So. 3d 1244, 1250 (La. App. 4 Cir. 2009) ("The owner of a vehicle is not usually liable for damages occurring when another is operating the vehicle.").

Here, Plaintiff has failed to allege that Hyacinthe was "on a mission" for Beauboeuf, that Hyacinthe was Beauboeuf's agent or employee, or that Beauboeuf was herself negligent in entrusting her vehicle to Hyacinthe. Thus, no exceptions apply to the general rule under Louisiana law that mere ownership of a vehicle is insufficient to support liability against the owner when damages occur as a result of *someone else's* use of the owner's vehicle. Therefore, Plaintiff has failed to state a colorable claim against Beauboeuf, and her proposed amendment is futile. As such, Plaintiff's Motion for Leave to Amend her Complaint to add Beauboeuf as a defendant is denied.

## II. Plaintiff's Motion to Remand to State Court

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[37] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[38] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[39]

The U.S. Supreme Court has long required "complete diversity" to establish federal jurisdiction under 28 U.S.C. § 1332.[40] Complete diversity exists when no plaintiff has the same citizenship as any defendant.[41] An

---

[37] 28 U.S.C. § 1441.
[38] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[39] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723. *See also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).
[40] *See* Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)).
[41] *Id.*

7

individual's citizenship is her "domicile."[42] "Domicile requires the demonstration of two factors: residence and the intention to remain."[43] "A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[44] When a person's citizenship is challenged, the burden rests with that person to establish her citizenship by a preponderance of the evidence.[45]

Because this Court denies Plaintiff's request to add Beauboeuf as a defendant, the only Defendant whose citizenship is at issue for diversity purposes is Hyacinthe's. Thus, Hyacinthe bears the burden of proving his citizenship by a preponderance of the evidence.

Plaintiff argues that Defendant Hyacinthe was a Louisiana citizen—which would defeat diversity because it is undisputed that Plaintiff is a Louisiana citizen—at the time of removal on April 4, 2018.[46] In support, Plaintiff notes that Hyacinthe has a valid Louisiana driver's license and that as recently as April 28, 2018, the same vehicle that Hyacinthe drove on the day Plaintiff was injured was seen parked outside the address listed for Hyacinthe on his Louisiana driver's license.[47] Defendant responds that at the time of removal Hyacinthe was, and remains, a citizen of Haiti.[48] Defendant submitted as evidence in support a signed declaration by Hyacinthe in which he alleges that he is a Haitian citizen who lives and works in Haiti.[49] In his declaration, Hyacinthe explains that he lived in Louisiana from July 2016 until May 2017

---

[42] Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011) (citing Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 793, 797–98 (5th Cir. 2007)).
[43] *Preston*, 485 F.3d at 798.
[44] *Id.* at 797–98.
[45] *Id.* at 798 (citing Welsh v. Am. Sur. Co. of N.Y., 186 F.2d 16, 17–18 (5th Cir. 1951)).
[46] *See* Doc. 9-2.
[47] *See* Doc. 9-2.
[48] *See* Doc. 19.
[49] *See* Doc. 19-1.

and in Massachusetts from May 2017 until August 2017.[50] He further explains that he moved to Haiti in August 2017, has resided there since then, and that he intends to remain there "indefinitely."[51]

Defendant Hyacinthe's declaration that he has resided in Haiti since August 2017 and intends to remain there indefinitely is sufficient to establish his domicile, and thus his citizenship, as Haiti at the time this suit was removed in April 2018.[52] The fact that Hyacinthe has a valid Louisiana driver's license does not make him a Louisiana citizen for diversity purposes. Driver's licenses usually remain valid for years once issued, and people can and often do change their domicile before a license expires. Further, just because the same car Hyacinthe drove on the day Plaintiff was injured was parked outside the same address listed on his driver's license does not mean, as Plaintiff seems to suggest, that Hyacinthe was in fact living and working in Louisiana as recently as April or May 2018. Plaintiff's own evidence explains this situation.[53] Christina Beauboeuf, the owner of the vehicle, also lives at the same address.[54] It makes sense to this Court that Beauboeuf's own vehicle has remained at her residence even though Hyacinthe has since moved to Haiti. Hyacinthe's declaration establishes by a preponderance of evidence that he was a Haitian citizen at the time this suit was removed to this Court. Therefore, diversity exists, and Plaintiff's Motion to Remand is denied.

## III. Defendant's Rule 12(b)(5) Motion to Dismiss

Defendant Hyacinthe filed his Motion to Dismiss for failure to properly serve process under Rule 12(b)(5) on May 29, 2018.[55] In his Motion, Defendant

---

[50] Doc. 9-1.
[51] Doc. 9-1.
[52] *See* Doc. 9-1.
[53] Doc. 8-3.
[54] Doc. 8-3.
[55] Doc. 16.

9

requested as an alternative to dismissal that this Court order Plaintiff to perfect service on Hyacinthe. This Court issued such an order to perfect service,[56] and service has since been perfected upon Hyacinthe.[57] Therefore, Defendant Hyacinthe's Motion is denied as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint (Doc. 8) and Motion to Remand (Doc. 9) are **DENIED**. In addition, Defendant Hyacinthe's Motion to Dismiss (Doc. 16) is **DENIED AS MOOT**.

New Orleans, Louisiana this 1th day of October, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[56] *See* Doc. 31.
[57] *See* Doc. 35.